## SUPREME COURT.

### Rufus R. Skeel agt. Gardiner G. Thompson.

An individual having "his principal place of business" in the city of New-York, and with his family residing in Newburgh, in which latter place he is taxed for his *personal property*, is not entitled to an *equitable injunction* to restrain the collection of such tax, whatever the law may be applicable to the proper assessment of such tax, where he does not show that he is taxed in both places for the same property, nor that there is any injustice in the matter.

*New-York Special Term, April,* 1854. This is an application for an injunction to stay the collection of a tax of $311.25 on the personal property of the plaintiff, assessed to him as a resident of the town of Newburgh, in the county of Orange, whereas his true residence and place of business, he alleges, is in the city of New-York.

Martin, Strong & Smith, *for the motion.*
R. A. Southwick, *opposed.*

Roosevelt, Justice. The plaintiff, it will be observed, does not pretend that he is taxed in both places, nor does he deny that, if relieved from the Newburgh taxation, he will escape altogether. What equity, then, does his claim present, calling for the *extraordinary* interposition of the court by way of injunction? Either the assessment is valid or it is void—if valid, there is, of course, no ground of complaint in any form— if void, the collecting officer, by taking and selling the plaintiff's furniture in Newburgh, will be a trespasser, and like any other trespasser, on a trial by jury in the ordinary way, will be mulcted in damages.

The plaintiff's original residence, it would seem, although doing business in New-York, was in Newburgh. He paid his personal tax there in January, 1853, and also a tax on real estate situated there. In May, 1853, after an absence of about four months, he returned with his family to Newburgh, taking possession of his former residence, and from that time down to the present he and his family have continued to occupy the house in Newburgh, purchased by him in or prior to the spring

of 1851. The temporary occupation of a house in New-York, for a few months, "to escape taxation," cannot be regarded on this motion. It may be, that New-York having been "his principal place of business," he ought, under the new law, to have paid his personal taxes here. But he did not. What hardship, then, under the circumstances, is there in compelling him to pay elsewhere? Had he fairly stated his case to the officers in New-York, and upon such statement been assessed in New-York, and had he then pleaded that assessment before the officers in Newburgh as a ground for being passed over by them, a proper case for injunction and interpleader might, perhaps, have been presented. But as the case now stands, whatever may be the strict law applicable to it, there is obviously no equity, and, of course, no ground for the issuing of an equitable injunction. Motion denied with costs.